Ex parte Acevedo, Peticionario y Apelado y Acevedo et al., Opositores y Apelantes.

Apelación procedente de la Corte de Distrito de Aguadilla en un procedimiento de administración judicial.

No. 1155.—Resuelto en junio 25, 1914.

Administración Judicial—Resolución Apelable Negando Anular el Nombramiento de Administrador Judicial.—Una resolución denegando una moción para que se anule el nombramiento de un administrador judicial es apelable.
Id.—Suficiencia de la Petición—Juramento de una Petición Enmendada—Documentos Públicos Acompañados de las Peticiones.—Cuando se presenta una petición sobre administración judicial que reune todos los requisitos que exige el artículo 23 de la ley de procedimientos legales especiales de marzo 9, 1905, la cual se deniega sin que se apele contra la resolución denegatoria y después se presenta otra petición sin jurar reproduciendo los mismos hechos y añadiendo algunas apreciaciones del peticionario no exigidas por la ley, puede considerarse esta segunda petición como una enmienda a la primera, y aun cuando carece de juramento, en bien de la justicia, en este caso se puede entender que el juramento prestado para la primera era extensivo a la segunda, con mayor motivo cuando ambas peticiones estaban acompañadas de documentos públicos que comprobaban los hechos alegados en las mismas y que tienen tanta fuerza como el juramento que pudiera hacerse a la petición.

Los hechos están expresados en la opinión.

Abogados del apelado: *Sres. Juan García Ducós y Luis Llorens Torres.*

Abogados de los apelantes: *Sres. Reichard & Reichard.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Nemesio Acevedo Hernández presentó una solicitud a la Corte de Distrito de Aguadilla sobre administración judicial de bienes en la que sustancialmente alegó bajo juramento:

1.°. Que en 31 de julio de 1910 falleció en el término municipal de Moca correspondiente a Aguadilla, Jesús Lorenzo Acevedo Hernández, casado y propietario.

2°. Que dicho señor otorgó testamento ante el Notario Mariano R. Acosta en 12 de febrero de 1910 que se halla en el protocolo de dicho notario.

3°. Que el peticionario es uno de los albaceas nombrados por el testador en dicho testamento y se le había expedido carta testamentaria por la corte ante la que comparece, en 17 de diciembre de 1912.

4°. Que las personas con derecho a la herencia son la cónyuge supérstite Marcolina Hernández y Dolores, Abdona, Cecilia y Lorenzo Acevedo y Acevedo que viven en el barrio de Las Marías de la Moca; Teresa Acevedo y Acevedo que vive en el de Mamey de Aguadilla, y Juana, Gregorio, Tadeo y María Acevedo y Hernández que viven en el de Las Marías de Moca.

5°. Que el finado dejó bienes sujetos a partición por más de $2,000 en propiedad personal y real.

6°. Que Gregorio, María, Juana y Tadeo Acevedo Hernández son menores de edad, y

7°. Que como prueba ofrece en apoyo de las alegaciones varios documentos que relacionó.

La corte resolvió no haber lugar por entonces a decretar la administración judicial por no haberse llenado los requisitos que determina el artículo 23 de la Ley de Procedimientos Legales Especiales y porque no se aducen en la solicitud hechos bastantes que demuestren la necesidad de la intervención.

Después de esto se presentó una nueva petición de Nemesio Acevedo en la que se reproducen los seis particulares

que había consignado en su anterior petición y adicionó otro en que hacía constar que tenía interés en el nombramiento del administrador judicial porque los bienes se hallan en poder de algunos de los herededros, porque los menores no tienen quien los represente en la reclamación de sus derechos, que no se ha practicado el inventario porque los herederos que poseen algunos de los bienes se niegan a reconocer la autoridad del albacea, y porque los bienes corren grave riesgo de sufrir pérdidas. Como hecho 8°. agregó que tiene derecho de acción como albacea y en el 9°. relacionó los documentos que presentaba como prueba.

A esta petición resolvió la corte decretando la intervención judicial y señalando día para que las partes comparecieran a los efectos de que fuera nombrado un administrador judicial. La comparecencia tuvo lugar y como las partes no se pusieron de acuerdo respecto a la persona del administrador que había de ser nombrado, la corte designó como tal a Julián Rivera.

Días después alguno de los herederos y legatarios presentaron moción a la corte en que alegan que la solicitud enmendada no se halla en la forma ni con los requisitos que exige la ley, por lo que le pidieron que anulase el nombramiento que había hecho de administrador judicial, petición que por resolución de 29 de abril de 1914 fué negada por la corte. Contra esta resolución es que se ha interpuesto el presente recurso de apelación, la que es apelable según decidimos en el caso de *Rivera* v. *Cámara,* 17 D. P. R., 528.

A nuestro entender la primera petición que presentó a la Corte de Distrito de Aguadilla Nemesio Acevedo Hernández cumplía con todos los requisitos que exige el artículo 23 de la Ley de Procedimientos Legales Especiales y debió decretarse entonces la administración judicial, pero habiéndola negado el juez y no habiéndose interpuesto recurso contra esta resolución, entendemos que la segunda petición, exactamente igual a la primera aun cuando con algunas apreciaciones de la parte que no exige la ley, era una enmienda a la

primitiva petición y aun cuando carece de juramento podemos en bien de la justicia en este caso, entender que el juramento prestado para la primera petición era extensivo a la petición enmendada, con tanto más motivo cuanto que tanto una como otra petición estaban documentadas en todos los hechos que consignaban. En vista de ésto quizás podía haberse prescindido del juramento ya que los documentos públicos acompañados a las peticiones tenían tanta fuerza como el juramento que pudiera hacerse de ellas. Sin embargo, el requisito estatutorio del juramento se cumplió por la primera petición y como la segunda no adicionó hechos nuevos sino consideraciones y apreciaciones de la parte, podemos admitir que el peticionario había cumplido con todos los requisitos exigidos por la Ley de Procedimientos Legales Especiales de 1905, y por tanto que no hubo error en la corte inferior al negar la solicitud de nulidad de los apelantes, fundada únicamente en el hecho de que la petición enmendada no había sido jurada, cuando ya lo había sido la primera, que era suficiente.

En consecuencia, debe ser confirmada la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.